THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURNACE COMPANY,<br>ALLSTATE INDEMNITY COMPANY,<br>AND ALLSTATE PROPERTY &<br>CASUALTY INSURANCE COMPANY, | § <br> § <br> § <br> § <br> § | |
| **Plaintiffs** | § <br> § | |
| **vs.** | § <br> § | Civil Action No. 306-CV1067-K |
| MICHAEL MANTAS, M.D., MICHAEL A.<br>MANTAS, M.D., P.A. d/b/a NEUROLOGY<br>CLINIC, d/b/a TEAMED, d/b/a<br>METROSCAN RADIOLOGY, d/b/a<br>ORTHOPEDIC CLINIC, d/b/a<br>ANESTHESIOLOGY CLINIC, d/b/a<br>MEDCENTRA, and d/b/a ASSOCIATED<br>MEDICAL PROVIDERS,<br>RED APPLE L.L.C., d/b/a MEDCENTRA,<br>ALCMAN MANAGEMENT, LTD.,<br>ALCMAN CORP, ALTHKOS, INC.,<br>METROSCAN IMAGING, L.L.C.,<br>FARSHAD BARKHORDAR (a/k/a<br>SHAWN BARKHORDAR) d/b/a DALLAS<br>NEURODIAGNOSTIC ASSOCIATES, and<br>DALLAS NEUROGIAGNOSTIC<br>ASSOCIATES, INC. (a/k/a DALLAS<br>NEURODIAGNOSTIC ASSOCIATES) | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Defendants Michael Mantas, M.D., Michael A. Mantas, M.D., P.A. d/b/a

Neurology Clinic, d/b/a Tenamed, d/b/a Metroscan Radiology, d/b/a Orthopedic Clinic, d/b/a

Anesthesiology Clinic, d/b/a Medcentra, and d/b/a Associated Medical Providers, Red Apple,

L.L.C., d/b/a Medcentra, Alcman Management, Ltd., Alcman Corp, Althkos, Inc., Metroscan

Imaging, L.L.C., Farshad Barkhordar (a/k/a Shawn Barkhordar) d/b/a Dallas Neurodiagnositc

Associates, and Dallas Neurogiagnostic Associates, Inc. (a/k/a Dallas Neurodiagnostic

Associates) (hereinafter "Defendants"), and file this motion for a more definite statement

pursuant to Federal Rule of Civil Procedure 12(e).  In support, the Defendants would show the

Court as follows:

## INTRODUCTION

1.      Plaintiffs are Allstate Insurance Company, Allstate Indemnity Company, and Allstate

Property & Casualty Insurance Company.

2.      Defendants are Michael Mantas, M.D., Michael A. Mantas, M.D., P.A. d/b/a Neurology

Clinic, d/b/a Tenamed, d/b/a Metroscan Radiology, d/b/a Orthopedic Clinic, d/b/a

Anesthesiology Clinic, d/b/a Medcentra, and d/b/a Associated Medical Providers, Red Apple,

L.L.C., d/b/a Medcentra, Alcman Management, Ltd., Alcman Corp, Althkos, Inc., Metroscan

Imaging, L.L.C., Farshad Barkhordar (a/k/a Shawn Barkhordar) d/b/a Dallas Neurodiagnositc

Associates, and Dallas Neurogiagnostic Associates, Inc. (a/k/a Dallas Neurodiagnostic

Associates).

3.      Plaintiffs' Original Complaint is so vague that Defendants are unable to file a responsive

pleading; therefore, the Court should require the Plaintiffs to amend its complaint with a more

definite statement of the suit.

## ARGUMENT

4.      A motion for a more definite statement in proper when a complaint is so vague or

ambiguous that the defendant cannot frame a responsive pleading. Fed. R. Civ. P. 12(e); *Sisk v.*

*Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981); *see* Fed. R. Civ. P. 8(a)(2).

5.     In Plaintiffs' Original Complaint, the Plaintiff alleged facts that are so vague and ambiguous that defendant cannot file a responsive pleading.  Plaintiffs' Original Complaint is deficient as outlined in the following paragraphs.

Plaintiffs' Allegations of Conduct

6.     Plaintiffs have alleged that Defendants have billed Plaintiffs for unnecessary and unreasonable treatment, examinations, diagnostic tests, examinations and evaluations, but have failed to point to even one specific incidence of such conduct.  (Plaintiffs' Original Complaint (hereinafter "Pls'. Orig. Compl.") ¶ 1.)  Defendants realize that names of insureds that have received medical treatment are likely protected as Private Health Information under the Health Insurance Portability and Accountability Act.  *See* 45 C.F.R. 164.501.  However, claim numbers or other methods of identification for specific incidences of the alleged conduct are available to Plaintiffs.

7.     Without any such examples, Defendants cannot conduct a reasonable investigation in order to affirm or deny any such allegation.  Defendants seek an order requiring Plaintiffs to replead with specificity as to the alleged conduct of Defendants made the basis of this suit.

8.     Plaintiffs have vaguely alleged that Defendants have engaged in neurological diagnostic testing that is of "no value."  (Pls'. Orig. Compl. ¶ 2.)  However, Plaintiff's have not provided a single example of any testing they claim to be of no value in the remainder of their complaint.

9.     Without any examples of alleged diagnostic neurological testing that has no value, Defendants cannot conduct a reasonable investigation in order to deny or affirm the complaint. Defendants seek an order requiring Plaintiffs to replead with specificity as to examples of alleged diagnostic neurological testing that has no value.

10.     Plaintiffs have vaguely alleged that Defendants have generated a variety of documents in support of what the Plaintiffs have described as "fraudulent" acts. (Pls'. Orig. Compl. ¶ 3.) Plaintiffs have vaguely described some documents in general, but the Plaintiffs have failed to provide a single example of such a document or provided an example of claim that was supported by such a document.

11.     Without any examples of such documents, Defendants cannot conduct a reasonable investigation in order to affirm or deny such allegations.  Defendants seek an order requiring Plaintiffs to replead with specificity as to the documents that Plaintiffs consider fraudulent.

The Parties

12.     Defendants Alcman Management, Ltd., and Alcman Corp. ("Alcman Defendants") are property management entities.

13.     The Alcman Defendants are not engaged in any medical practice.

14.     Plaintiffs have merely asserted that the Alcman Defendants are related to other entities in this suit, such as the clinics.  (*See* Pls'. Orig. Compl. ¶¶ 13, 14, 22, 23.)

15.     Plaintiffs have only vaguely pleaded how the Alcman Defendants are related to the conduct complained of.  (Pls'. Orig. Compl. at ¶ 50.)

16.     Plaintiffs have pleaded that Mantas is the sole owner of the clinics.

17.     Without more specific information of the Alcman Defendants' alleged conduct, the Defendants cannot affirm or deny the allegations against the Alcman Defendants.  Defendants seek an order requiring Plaintiffs to replead with specificity as to which Defendants and as to each of the claims against that Defendant.

Defendants' Operations

18.    The Plaintiffs describe the Defendants' Operations in general terms only.  (*See* Pls'.
Orig. Compl. ¶ 46.)  The Defendants are alleged to receive business from lawyers in order to
"build up" a patient's personal injury claim.  (Pls'. Orig. Compl. ¶ 47.)  The patients that are seen
at the Defendants' clinics are only described as including those "purportedly injured in
automobile accidents" and "make claims against Plaintiffs' insureds for alleged negligent
operation of automobiles."  (Pls'. Orig. Compl. ¶ 48.)

19.    The Plaintiffs have failed to provide a single specific example of such an individual.  The
Defendants cannot possibly affirm or deny whether the claims of the patients against the
Plaintiffs' insureds are for negligence.  The Defendants are not in a position to affirm or deny
why patients are referred to their clinics by lawyers as alleged in paragraphs 46-48 without more
specific information or examples from the Defendants.  Defendants seek an order requiring
Plaintiffs to replead with specificity as to the alleged conduct by Defendants to receive business
from lawyers in order to "build up" a patient's personal injury claim.

20.    In Part A of Section V of Plaintiffs' Original Complaint, Plaintiffs allege Defendants
billed for neuromuscular reeducation "at times," doctors examined patients "at times," and at
"various times" examinations were done on patients and reported on HCFA form 1500s.  (Pls'.
Orig. Compl. ¶¶ 52-56.)  No specific examples are provided in the complaint.

21.    Before Defendants can affirm or deny any allegations of misconduct complained of by
the Plaintiffs with regards to such activities, Plaintiffs must provide more specific information or
examples so that Defendants can conduct a reasonable investigation into such activities.
Defendants seek an order requiring Plaintiffs to replead with specificity as to the instances where
Defendants allegedly billed for neuromuscular reeducation.

22.     Plaintiffs complain of medical reports issued under the printed names of a medical doctor that contain various statements. (Pls'. Orig. Compl. ¶ 57.) The Plaintiffs then allege that these reports misrepresent that a medical doctor dictated the report, the reports were generated by others without any factual basis, and that the doctors whose names on the reports made no such diagnosis. (Pls. Orig. Compl. ¶¶ 58-63.) However, the Plaintiffs have only vaguely pleaded these allegations and have not provided any specific examples of such conduct.

23.     Without more specific information or examples the Defendants cannot conduct a reasonable investigation needed to affirm or deny the Plaintiff's allegations. Defendants seek an order requiring Plaintiffs to replead with specificity as to the medical reports made the basis of Plaintiffs' complaint.

24.     In Part C of Section V of Plaintiffs' Original Complaint, Plaintiffs have made allegations regarding the completion of neurological reports by the Neurology Clinic. (Pls'. Orig. Compl. ¶¶ 78-83.) Plaintiffs allege that "[t]he reports often represent the existence of radiculopothy or radiculitis." (Pls'. Orig. Compl. ¶ 81.) In addition to being vague about how many instances are being complained of, Plaintiffs have not provided a single example or claim number to illustrate their claim.

25.     Without more specific information regarding which reports the Plaintiffs complain of, Defendants cannot conduct a reasonable investigation necessary to affirm or deny Plaintiffs' allegations. Defendants seek an order requiring Plaintiffs to replead with specificity as to the neurological reports Plaintiffs have made allegations about.

26.     Similarly, Plaintiff complains of examinations that occur "often" and are alleged not to occur or to have been done by Farshad Barkhodar. (Pls'. Orig. Compl. at ¶ 85-86.)

27.     Plaintiffs' allegation is vague and without a more specific pleading as to frequency or examples of any claim numbers, Defendants cannot conduct a reasonable investigation necessary to affirm or deny the Plaintiff's allegation. Defendants seek an order requiring Plaintiffs to replead with specificity as to examinations made the basis of Plaintiffs' claims.

28.     Plaintiffs also complain of Current Perception Threshold Testing. (Pls'. Orig. Compl. ¶¶ 87-90.) However, Plaintiffs offer no indication how often such testing occurred and provide no specific examples or claim numbers necessary for Defendants to conduct a reasonable investigation of Plaintiffs' allegations so that Defendant can affirm or deny those allegations. Defendants seek an order requiring Plaintiffs to replead with specificity as to examples of the alleged Current Perception Threshold Testing by Defendants.

29.     Plaintiffs describe representations allegedly made by the Defendants in Paragraphs 101-04 of the Plaintiffs' Original Complaint. In the same paragraphs, Plaintiffs allege that these documents are provided to attorneys representing claimants against the Plaintiffs' insureds. Furthermore, the Plaintiffs allege that Defendants knew how these reports they were alleged to have produced would be used and intended for others to rely on them.

30.     Plaintiffs have not pleaded when, how often, or specifically to whom these reports were allegedly made. The Plaintiffs have merely made vague assertions that this was done in general. Plaintiffs have not provided a single specific example or claim number. Without such information, the Defendants cannot conduct any sort of reasonable investigation necessary to affirm or deny the allegations of the Plaintiffs. Defendants seek an order requiring Plaintiffs to replead with specificity as to when, how often, or specifically to whom the reports were allegedly made.

Common-law Fraud

31.     Plaintiffs' first cause of action against the Defendants is for common-law fraud.  (*See* Pls'. Orig. Compl. ¶¶ 105-15.)

32.     In their cause of action, Plaintiffs incorporate the first 104 paragraphs of their complaint. (Pls. Orig. Compl. ¶ 105.)

33.     As described in paragraphs 1 through 30 of this motion, Plaintiffs allegations in paragraphs 1 through 104 of their complaint are so vague and ambiguous that Defendants cannot file a responsive pleading affirming or denying those allegations.

34.     Without a more definite statement with regards to the allegations in Plaintiffs' preceding paragraphs, Defendants cannot affirm or deny any of the paragraphs in Plaintiffs' claim of common-law fraud.  Defendants seek an order requiring Plaintiffs to replead with specificity as to the basis for their allegations of common-law fraud by Defendants.

35.     Plaintiffs also restate their vague allegations that Defendants made false and misleading statements, filed misleading reports, and made referrals amongst the Defendants without providing a single example of such conduct or any claim numbers.  (*See* Pls'. Orig. Compl. ¶¶ 107-114.)  Without such information, the Defendants cannot conduct a reasonable investigation necessary to affirm or deny the Plaintiffs' allegations.  Defendants seek an order requiring Plaintiffs to replead with specificity as to the false and misleading statements, misleading reports, and referrals that Plaintiffs allege Defendants made.

Common-Law Conspiracy

36.     Plaintiffs' second cause of action against the Defendants is for Common-Law Conspiracy.  (Pls'. Orig. Compl. ¶¶ 116-128.)

37.     In their cause of action, Plaintiffs incorporate the first 115 paragraphs of their complaint. (Pls'. Orig. Compl. ¶ 116.)

38.     As described in paragraphs 1 through 35 of this motion, Plaintiffs allegations in paragraphs 1 through 115 of their complaint are so vague and ambiguous that Defendants cannot file a responsive pleading affirming or denying those allegations.

39.     Without a more definite statement with regards to the allegations in Plaintiffs' preceding paragraphs, Defendants cannot affirm or deny any of the paragraphs in Plaintiffs' claim of common-law conspiracy.  Defendants seek an order requiring Plaintiffs to replead with specificity as to the basis for their allegations of common-law conspiracy by Defendants.

40.     In paragraph 117 of the Plaintiffs' Complaint, they allege that Defendants in combination with themselves and "others" made false and misleading statements.  Nowhere in the course of Plaintiffs' complaint is it readily apparent who these "others" are.

41.     In paragraph 119 of the Plaintiffs' Complaint, they allege there was "a meeting of the minds" by each Defendant.  However, the Plaintiff does not allege which Defendants agreed with which other Defendants to engage in alleged conduct complained of by Plaintiffs.

42.     Furthermore, in Paragraph 119, the Plaintiffs allege that the Defendants committed overt, unlawful acts in furtherance of the alleged course of action either separately or in concert with other Defendants and/or other parties.  While the Plaintiffs have vaguely alleged misconduct on the part of individual Defendants in various parts of their Complaint, the Plaintiffs have not indicated in their Complaint when the Defendants committed overt, unlawful acts in concert with each other or with the unidentified "others."

43.     In paragraph 120, the Plaintiffs allege that false and fraudulent misrepresentations were made by the Defendants that caused Plaintiffs to pay sums of money for services rendered at a Mantas clinic.  However, the Plaintiffs have not alleged when these sums were made.  Nor ha the Plaintiffs alleged how much was paid due to the conspiracy or how frequently claims were

paid due to the conspiracy.  Plaintiffs have not provided a single example or an illustrative claim number of this alleged misconduct.

44.      Without a more definite statement addressing the issues raised in paragraphs 36-44 of this Motion, the Defendants cannot affirm or deny the allegations of the Plaintiffs' complaint regarding common-law conspiracy, nor can the Defendants conduct a reasonable investigation necessary to answer the allegations of the Plaintiffs' complaint of common-law conspiracy. Defendants seek an order requiring Plaintiffs to replead with specificity as to the alleged conduct by Defendants raised in paragraphs 36-44 of this Motion.

Conspiracy to Violate Health Care Statutes

45.      In addition to complaining of conspiracy to commit common-law fraud, the Plaintiffs have alleged that the Defendants engaged in a conspiracy to violate health care statutes and common law prohibitions concerning the practice of medicine and chiropractic.  Pl's Orig. Compl. ¶¶ 123-128.

46.      Plaintiffs have incorporated paragraphs 1-115 of their complaint in paragraph 116 of their complaint.

47.      As described in paragraphs 1 through 44 of this motion, Plaintiffs allegations in paragraphs 1 through 115 of their complaint are so vague and ambiguous that Defendants cannot file a responsive pleading affirming or denying those allegations.

48.      Without a more definite statement with regards to the allegations in Plaintiffs' preceding paragraphs, Defendants cannot affirm or deny any of the paragraphs in Plaintiffs' claim of conspiracy to violate the health care statutes and common law prohibitions concerning the practice of medicine and chiropractic.  Defendants seek an order requiring Plaintiffs to replead

with specificity as to the basis for their allegations of conspiracy to violate health care statutes by Defendants.

49.     Plaintiffs have also failed to cite to the specific statutes they allege the Defendants have violated and conspired to violate. The Plaintiffs vaguely assert that conduct they attribute to the Defendants "constitutes violations of Texas law concerning the unauthorized practice of medicine and chiropractic, and assistance of unauthorized practice." (Pls'. Orig. Compl. ¶ 125.)

50.     Defendants can neither affirm nor deny whether they have violated any Texas statutes regarding the "unauthorized practice of medicine and chiropractic, and assistance of unauthorized practice" without a more definite statement of what laws the Plaintiffs alleges have been violated. Defendants seek an order requiring Plaintiffs to replead with specificity as to the specific Texas Health Care Statutes Plaintiffs allege Defendants violated.

51.     Plaintiffs vaguely allege that Defendants engaged in conduct with "others" without identifying who those "others" are. (Pls'. Orig. Compl. ¶ 126.)

52.     Defendants can neither affirm nor deny the allegation in paragraph 126 without a more definite statement of who the "others" are that Plaintiffs allege Defendants engaged in conduct with. Defendants seek an order requiring Plaintiffs to replead with specificity as to who the "others" are described in paragraph 127 of the Plaintiffs' Original Complaint.

53.     Plaintiffs allege in paragraph 127 that conduct by the Defendants has proximately caused Plaintiffs to pay sums to Defendants in violation of Texas Law. This statement is vague and ambitious. Plaintiffs have not identified which statutes the Defendants have allegedly violated. Without a more definite statement, Defendants can neither affirm nor deny the Plaintiffs' allegations. Defendants seek an order requiring Plaintiffs to replead with specificity as to the specific Texas Health Care Statutes Plaintiffs allege Defendants violated.

## Requests for Declaratory Relief

54.     Plaintiffs' third cause of action against Defendants is a request for declaratory relief. (Pl's. Orig. Compl. ¶¶ 129-34.)

55.     Plaintiffs have incorporated paragraphs 1 through 129 of their complaint in paragraph 130 of their complaint.

56.     As described in paragraphs 1 through 53 of this motion, Plaintiffs allegations in paragraphs 1 through 129 of their complaint are so vague and ambiguous that Defendants cannot file a responsive pleading affirming or denying those allegations.

57.     Without a more definite statement with regards to the allegations in Plaintiffs' preceding paragraphs, Defendants cannot affirm or deny any of the paragraphs in Plaintiffs' request for declaratory relief.  Defendants seek an order requiring Plaintiffs to replead with specificity as to the basis of their claim for declaratory relief.

58.     Defendants allege they are entitled to declaratory relief in Section VIII of their complaint, but they fail to actually request any declaratory relief in that section.

59.     Defendants allegation in paragraph 134 is vague, ambiguous and confusing.  The Plaintiffs claim that "the Court's determination of the issues presented will conclusively resolve the questions of Defendants' duty to pay sums to Defendants in regard to purported services conducted by Neurology Clinic and their rights to reimbursement for sums previously paid."

60.     The Defendants in this case have not made any cross-claims against any other Defendants.  Thus far, the Defendants in this case have not requested that Court resolve any issues between the Defendants and declare rights as to the various Defendants.

61.     The Defendants would also note that the Plaintiffs were in a unique position to deny any third party claims submitted by the Defendants.  Plaintiffs audited the claims submitted by

Defendants before paying them.  Defendants provided medical services on behalf of Plaintiffs'

insureds and submitted bills to Plaintiffs on the insureds' behalf.  Plaintiffs have brought their

declaratory action in bad faith in an attempt to have rights declared between parties that had no

contract.

62.     The Defendants can neither affirm nor deny the vague and ambiguous allegations in

paragraph 134 without a more definite statement from the Plaintiffs.  Defendants seek an order

requiring Plaintiffs to replead with specificity the allegations contained in paragraph 134 of the

Plaintiffs' Original complaint.

Unjust Enrichment

63.     Plaintiff's fourth cause of action against Defendants is for unjust enrichment.  (Pls'. Orig.

Compl. ¶¶ 135-39.)

64.     Plaintiffs have incorporated paragraphs 1 through 134 of their complaint in paragraph

135 of their complaint.

65.     As described in paragraphs 1 through 62 of this motion, Plaintiffs allegations in

paragraphs 1 through 134 of their complaint are so vague and ambiguous that Defendants cannot

file a responsive pleading affirming or denying those allegations.

66.     Without a more definite statement with regards to the allegations in Plaintiffs' preceding

paragraphs, Defendants cannot affirm or deny any of the paragraphs in Plaintiffs' cause of action

for unjust enrichment.  Defendants seek an order requiring Plaintiffs to replead with specificity

the alleged conduct of Defendants made the basis of Plaintiffs' claims for unjust enrichment.

67.     The Plaintiffs vaguely allege in paragraph 136 of their complaint that the Defendants

"willfully combined, conspired, and agreed with each other and others to defraud Plaintiffs."

The Plaintiffs do not identify who the "others" are in their complaint.  Without a more definite

statement, the Defendants cannot affirm or deny the allegations of paragraph 136.  Defendants seek an order requiring Plaintiffs to replead with specificity the alleged conduct of Defendants in paragraph 136 of the Plaintiff's Original Complaint.

68.     The Plaintiffs vaguely allege in paragraph 137 that the Defendants "are in violation of numerous statutes enacted by the State of Texas in regard to healthcare matters such as referrals for remuneration, disclosures of joint interest and ownership, overtreatement, and the unauthorized practice of medicine." The Plaintiffs fail to identify what statutes the Defendants have allegedly violated anywhere in their Complaint.  Without a more definite statement, the Defendants can neither affirm nor deny the allegations in paragraph 137.  Defendants seek an order requiring Plaintiffs to replead with specificity which statutes Defendants have allegedly violated.

69.     The Plaintiffs vaguely refer to the violation of Texas statutes in paragraph 138 of their Complaint.  The Plaintiffs fail to identify what statutes the Defendants have allegedly violated anywhere in their complaint.  Without a more definite statement, the Defendants can neither affirm nor deny the allegations in paragraph 138.  Defendants seek an order requiring Plaintiffs to replead with specificity which statutes Defendants have allegedly violated.

<u>Single Business Enterprise Doctrine</u>

70.     In section X of the Plaintiffs' Original Complaint, the Plaintiffs have alleged that Defendants "Michael Mantas A. Mantas, M.D., P.A. [sic], Red Apple, Alcman Management, Ltd., Alcman Corp., Althkos, Inc., and Metroscan Imaging, L.L.C." constitute a "single business enterprise." (Pls'. Orig. Compl. ¶¶ 140-43.) As a single business enterprise, the Plaintiffs allege that the members of the enterprise are jointly and severally liable for the acts and liabilities of the other constituent entities.  (Pls'. Orig. Compl. ¶ 143.)

71.    Plaintiffs have incorporated paragraphs 1 through 139 of their complaint in paragraph 140 of their complaint.

72.    Without a more definite statement with regards to the allegations in Plaintiffs' preceding paragraphs, Defendants cannot affirm or deny any of the paragraphs in Plaintiffs' cause of action for unjust enrichment.  Defendants seek an order requiring Plaintiffs to replead with specificity their basis of their claims that Defendants are allegedly a single business enterprise.

### PRAYER

Because Plaintiffs have not pleaded enough facts to allow Defendants to file a responsive pleading, the Court should order Plaintiffs to amend their complaint with a more definite statement of the suit.  However, Defendants reserve the right to file an answer to the Plaintiffs' Original Complaint.

Respectfully Submitted,

**SCOTT YUNG LLP**

/s/ John B. Scott
John B. Scott
State Bar No. 17901500
Andrew W. Yung
State Bar No. 00794899
208 North Market Street, Suite 200
Dallas, Texas 75202
Telephone:    (214) 220-0422
Facsimile:    (214) 220-9932

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2006, a true and correct copy of the above and foregoing document was served upon counsel of record pursuant to the Federal Rules of Civil Procedure.

David Kassabian
Bret Wayne Weatherford
Kassabian Doyle & Weatherford
1521 N Cooper St
Suite 650 LB 21
Arlington, TX 76011-3158
817/461-8855
817/274-9863 (fax)

/s/ John B. Scott_____
John B. Scott